FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 MAR 25 AM 11: 37

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

Elizabeth Alexarra MAY, Plaintiff

v.

Jury Trial requested:
**(please check one)**
✓ Yes ___ No

Colorado Civil Rights Division

Aubrey C. Sullivan, Karla Beston,

Benjamin ward, Sarah Lyons, Carol Fernandes,

Adriana Carmona, Traci Green

Andrew Mayer _____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Elizabeth AlexaRRa MAY
18591 E 61st Ave, APT 442, DenveR, co, 80249
(Name and complete mailing address)

720612 1579    999 Raimova@gmail.com
(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Colorado Civil Rights Division
(Name and complete mailing address)
1560 BRoadway, Ste 825, DenveR, co, 80202
303894 7582
(Telephone number and e-mail address if known)

AubRey c. Sullivan
Defendant 2:    KaRla Beston SaRah Lyons
(Name and complete mailing address)
1560 BRoadway Ste 825 DenveR, co, 80202
aubRey.Sullivan@state.co.us
(Telephone number and e-mail address if known)

Defendant 3:    Benjamin WaRd, CaRol FeRnandes,
(Name and complete mailing address)
1560 BRoadway Ste 825, DenveR, co, 80202
benjamin.waRd@state.co.us
(Telephone number and e-mail address if known)

15
Defendant 4:    AdRiana CaRmona, Traci GReen,
(Name and complete mailing address)
1560 BRoadway Ste 825, DenveR, co, 80202
(Telephone number and e-mail address if known)

AndRew MayeR
1560 BRoadway Ste 825
DenveR, co, 80202

**C.      JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

✔  Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

18 U.S.C. § 1962(c), 42 U.S.C. 1985, 1983

_____  Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:    Government Corruption

Supporting facts:

Civil Right Division is misusing Federal Funds. They are colluding with defendants against the public. Defrauding the United States, Defrauding the Public. Harming the entire justice system. I have over 300 pages of Fraudulend documents to Prove this Fraud.

Please see attached.

4

**E.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

Declaratory Judgment
Injunction Relief.
Compensatory damages
Punitive damages
Refer to Prosecutors
Jury Trial, Please see attached

**F.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Elizabeth Alexandra MAY
(Plaintiff's signature)

03 25. 2025
(Date)

(Revised February 2022)

*1*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**


**Elizabeth Alexarrra May**

**Plaintiff,**

**v.**

**COLORADO CIVIL RIGHTS DIVISION (CCRD),**


**Aubrey C. Sullivan**

**Karla Beston,**

**Benjamin Ward,**

**Sarah Iyons,**

**Carol Fernandes,**

**Adriana Carmona,**

**Traci green,**

**Andrew Mayer**


**Defendants**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND CONSTITUTIONAL VIOLATIONS**

## I. INTRODUCTION

1.    Plaintiff brings this civil action against the Colorado Civil Rights Division (CCRD) for willful misconduct, obstruction, retaliation, due process violations, civil rights violations, civil conspiracy, and collusion with private defendants to manipulate official proceedings.

2.    This action arises from CCRD's deliberate falsification and swapping of official records, concealment of evidence, and procedural irregularities that deprived Plaintiff of the right to due process and a fair hearing.

3.    CCRD's involvement in fraudulent document alterations and its coordination with Defendants (D.R. Horton, DHIC gateway, quarterra, Tschetter Sulzer Muccio, P.C.) demonstrate that it did not act as a neutral enforcement agency but instead participated in corruption to shield Defendants from liability.

4.    CCRD is not entitled to Eleventh Amendment immunity, as it acted outside its lawful authority by engaging in deliberate fraud, colluding with private parties, and violating federal laws designed to protect civil rights.

3,

## II. JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action arises under the Americans with Disabilities Act (ADA), Fair Housing Act (FHA), Fourteenth Amendment, and federal civil rights laws.

6.      This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred in this district.

8.      CCRD is not entitled to Eleventh Amendment immunity under Ex parte Young, 209 U.S. 123 (1908), as its actions were outside the scope of lawful state agency conduct, involved intentional fraud and collusion, and violated Plaintiff's constitutional rights.

9.      Additionally, CCRD's actions constitute civil racketeering under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), as it engaged in a pattern of fraudulent activities, including document swapping and evidence concealment, to obstruct justice and protect private defendants.

10.     CCRD's conduct also amounts to civil conspiracy, as defined under 42 U.S.C. § 1985, by conspiring with private parties to deprive Plaintiff of civil rights through fraudulent means.

4.

11.    Furthermore, CCRD's actions violate Plaintiff's civil rights under 42 U.S.C. § 1983, as its misconduct deprived Plaintiff of rights secured by the Constitution and laws of the United States.

12.    In addition to the aforementioned statutes, CCRD's fraudulent conduct may also implicate the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, if it involved submitting false records or statements to a federal agency, thereby defrauding the government.

13.    Moreover, CCRD's actions could be subject to scrutiny under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, if the misconduct is deemed to be within the scope of its employment and constitutes a tort under federal law.

## III. PARTIES

13.    Plaintiff Elizabeth Alexarrra May is a resident of COLORADO and a qualified individual under federal civil rights laws, having requested a reasonable accommodation for a disability, which was unlawfully denied.

14.    Defendant, the Colorado Civil Rights Division (CCRD), is a state agency responsible for enforcing civil rights laws in Colorado. However, in this instance, CCRD acted outside its lawful function, engaged in misconduct, and manipulated legal proceedings to benefit private entities.

## IV. FACTUAL ALLEGATIONS

## A. CCRD'S CONCEALMENT OF DOCUMENTS AND COLLUSION WITH DEFENDANTS

15.    On February 13, 2025, CCRD's Intake Specialist Benjamin Ward emailed Plaintiff the position statements of Defendants D.R. Horton and Tschetter Sulzer Muccio, P.C.

16.    However, these submissions were incomplete—CCRD deliberately withheld Defendants' sworn affidavits and exhibits from Plaintiff, despite being required to disclose them.

17.    Upon reviewing the PDF, Plaintiff discovered that Defendants had specifically requested CCRD NOT to share the exhibits with Plaintiff.

18.    Plaintiff immediately questioned why CCRD was concealing evidence from the complainant.

19.    CCRD's silence in response and its failure to provide these records until prompted proves an improper relationship between CCRD and Defendants.

## B. CCRD'S SECRET DOCUMENT SWAPS & ATTEMPT TO ERASE EVIDENCE

20.    On February 26, 2025, Plaintiff informed CCRD that the documents provided were fraudulent and accused CCRD of concealing evidence at Defendants' request.

6.

21.    CCRD failed to respond to Plaintiff's allegations but instead delayed responding to Plaintiff's request for case records.

22.    On February 28, 2025, CCRD secretly provided a new version of documents via Google Drive—a method it had never used before.

23.    Plaintiff objected and demanded an explanation for why CCRD suddenly deviated from its standard practice of using email attachments.

24.    On March 3, 2025, CCRD emailed Plaintiff another version of the documents, this time as PDF attachments. Upon comparison, it was clear that key documents had been altered again.

25.    CCRD never informed Plaintiff that documents had been swapped or modified, demonstrating its intent to manipulate evidence.


**C. CCRD'S INVOLVEMENT IN A SYSTEMATIC SCHEME OF FRAUD**

26.    Plaintiff's review of prior submissions from Defendants in June 2024 revealed that CCRD had engaged in similar fraudulent conduct before.

27.    The fraudulent submission pattern proves that CCRD has been colluding with private entities, systematically manipulating records, and obstructing justice.

28.    No government agency engages in such extensive efforts to modify and conceal records without an improper motive.

29.    CCRD knowingly altered official documents to protect Defendants, thereby exceeding its lawful authority and disqualifying itself from Eleventh Amendment immunity.

## V. LEGAL CLAIMS (CONTINUED)

## COUNT 1: VIOLATION OF THE FAIR HOUSING ACT (FHA) (42 U.S.C. § 3601 et seq.)

30.    CCRD's actions directly facilitated Defendants' discriminatory housing practices by concealing and falsifying records.

31.    By engaging in active deception, CCRD prevented Plaintiff from receiving a fair process, in violation of federal law.

## COUNT 2: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) (42 U.S.C. § 12101 et seq.)

32.    CCRD's improper actions contributed to Defendants' denial of reasonable accommodations, depriving Plaintiff of ADA protections.

## COUNT 3: VIOLATION OF DUE PROCESS (FOURTEENTH AMENDMENT)

33.    CCRD's collaboration with Defendants and procedural manipulation deprived Plaintiff of the right to due process under the Fourteenth Amendment.

34.    By suppressing and altering evidence at Defendants' request, CCRD ensured Plaintiff's claims would be obstructed, violating fundamental constitutional protections.

## COUNT 4: CIVIL RACKETEERING (RICO) (18 U.S.C. § 1962(c))

35.    CCRD engaged in obstruction of justice and fraud, constituting a pattern of racketeering activity.

36.    Multiple CCRD employees participated in fraudulent document swaps, proving an organized and intentional scheme rather than isolated misconduct.

37.    By knowingly assisting private parties in fabricating evidence, CCRD became an active participant in a racketeering enterprise.

## COUNT 5: CIVIL CONSPIRACY (42 U.S.C. § 1985)

38.    CCRD conspired with Defendants to deprive Plaintiff of civil rights by engaging in coordinated fraud and obstruction of justice.

39.    By acting together to conceal records and manipulate proceedings, CCRD and Defendants worked toward a common illegal objective, satisfying civil conspiracy elements.

## COUNT 6: CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)

40.    CCRD's actions deprived Plaintiff of federally protected rights under the U.S. Constitution.

41.    By acting under color of state law while knowingly violating Plaintiff's rights, CCRD is liable for civil rights abuses.

## COUNT 7: EX PARTE YOUNG DOCTRINE (NO ELEVENTH AMENDMENT IMMUNITY)

42.    CCRD acted outside its lawful authority, engaging in fraud, obstruction, and collusion, which are not protected by Eleventh Amendment immunity.

43.    Under Ex parte Young, 209 U.S. 123 (1908), government officials and agencies lose immunity when they engage in unconstitutional conduct or act beyond their lawful role.

44.    CCRD's fraudulent conduct falls outside the bounds of its authority and thus immunity does not apply.

## VI. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Declare that CCRD's actions violated federal civil rights laws.

2.    Issue an injunction preventing further document manipulation by CCRD.

*10.*

3.    Order CCRD to produce all original versions of submitted

records and metadata.

4.    Grant declaratory relief recognizing that CCRD is not entitled to

Eleventh Amendment immunity.

5.    Award compensatory damages for emotional distress and harm

caused by CCRD's misconduct.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## SUPPLEMENTAL STATEMENT ON GOVERNMENT CORRUPTION,

## COLLUSION, AND POSSIBLE BRIBERY

## I. INTRODUCTION

1.    The Colorado Civil Rights Division (CCRD) and its employees

deliberately concealed critical evidence from Plaintiff during an active civil

rights investigation.

2.    Upon being informed on February 26, 2025, that the documents

submitted by Defendants were fraudulent, CCRD did not act to correct the

record or investigate the fraud. Instead, it secretly altered and replaced the fraudulent documents twice—on February 28 and March 3, 2025.

3.      This pattern of conduct demonstrates intentional collusion between CCRD and Defendants, raising serious concerns of government corruption and possible bribery.

4.      No government agency would knowingly protect private Defendants by falsifying records without some benefit. The extent of CCRD's involvement suggests that it was acting not as an independent regulatory body but as a participant in a fraudulent scheme.

## II. WHY THIS CONSTITUTES BRIBERY AND GOVERNMENT CORRUPTION

5.      Under 18 U.S.C. § 201, bribery of public officials occurs when a government official corruptly seeks, receives, accepts, or agrees to accept anything of value in return for being influenced in the performance of their official duties.

6.      CCRD's actions—concealing documents, swapping fraudulent records, and obstructing the investigative process—suggest improper influence by Defendants.

7.      By modifying official documents at Defendants' request, CCRD effectively provided Defendants with an undue advantage in the investigation, depriving Plaintiff of due process.

*12*

8.      This is not mere administrative negligence; this is willful participation in a cover-up. The repeated document alterations prove that CCRD actively assisted Defendants in rewriting history to avoid liability.

## III. EVIDENCE OF COLLUSION AND INTENTIONAL COVER-UP

9.      CCRD concealed documents from Plaintiff at the explicit request of Defendants, demonstrating bias and misconduct.

10.     CCRD refused to release all records, despite multiple demands from Plaintiff, delaying production under the pretext of "processing time" while actively swapping fraudulent documents behind the scenes.

11.     CCRD did not notify Plaintiff of any document modifications but instead attempted to quietly alter the record to align with Defendants' interests.

12.     Plaintiff has multiple versions of the same documents, each one manipulated to favor Defendants—proving that the document swaps were intentional.

13.     CCRD's actions are consistent with a conspiracy to obstruct justice and protect private actors from legal consequences, rather than enforce civil rights laws.

A regulatory agency does not swap fraudulent documents in an ongoing
investigation without an ulterior motive. The pattern of concealment,
manipulation, and collusion strongly suggests bribery or undue influence.


## IV. FEDERAL LAWS IMPLICATED IN THIS CONDUCT

Bribery of Public Officials (18 U.S.C. § 201) – If CCRD officials received any
benefit, financial or otherwise, in exchange for protecting Defendants, this
constitutes federal bribery.

Conspiracy to Defraud the United States (18 U.S.C. § 371) – If CCRD
engaged in a scheme to obstruct fair investigations, this falls under
conspiracy laws.

Obstruction of Justice (18 U.S.C. § 1505) – Deliberate document swapping
in response to a fraud complaint is obstruction of justice.

Deprivation of Rights Under Color of Law (42 U.S.C. § 1983) – Plaintiff's
civil rights were violated when CCRD intentionally manipulated the
investigative process.

Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985) – CCRD's
collaboration with Defendants to obstruct Plaintiff's claims meets the
elements of civil conspiracy.


## V. RELIEF REQUESTED

/4,

WHEREFORE, Plaintiff respectfully requests that the Court:

1.      Declare that CCRD engaged in government corruption by manipulating documents in favor of Defendants.

2.      Issue an injunction preventing CCRD from engaging in further collusion with Defendants.

3.      Order CCRD to produce all versions of the altered documents and any internal communications regarding the fraudulent modifications.

4.      Grant declaratory relief stating that CCRD acted outside its lawful authority, disqualifying it from Eleventh Amendment immunity.

5.      Award compensatory damages for the harm caused by CCRD's fraudulent and retaliatory conduct.


This is an egregious abuse of government power. The Court must intervene to prevent further corruption and ensure that no regulatory agency engages in this level of misconduct again.



**SUPPLEMENTAL REQUEST FOR REFERRAL TO APPROPRIATE VENUE FOR GOVERNMENT FRAUD**

*15,*

Plaintiff respectfully requests that this Court refer this matter to the appropriate authorities for further review based on evidence that Defendant engaged in fraudulent misconduct that may constitute defrauding the United States.

Federal law prohibits government agencies and their officials from engaging in fraudulent conduct that obstructs justice or manipulates official records to benefit private parties.

Pursuant to 18 U.S.C. § 371 (Conspiracy to Defraud the United States) and the False Claims Act (31 U.S.C. §§ 3729–3733), Plaintiff asserts that the conduct described herein—including the deliberate alteration of official records, concealment of evidence, and collusion with private entities—meets the criteria for civil fraud against the government.

CCRD employees knowingly and intentionally swapped fraudulent documents in an ongoing civil rights investigation.
CCRD concealed evidence from Plaintiff to assist private Defendants in avoiding liability.
CCRD acted outside its lawful authority, violating public trust and undermining the integrity of government processes.

16,

While this case presents civil claims, Plaintiff requests that the Court refer this matter to the appropriate federal agencies, including the U.S. Department of Justice (DOJ) and Office of the Inspector General (OIG), for further review of potential violations involving government fraud and abuse of power.

No government agency has the right to manipulate evidence in an active investigation. The Court should take immediate action to prevent further misconduct and ensure that fraudulent actions by regulatory bodies do not go unchecked.

Dated: March 25, 2025

Respectfully submitted,

Elizabeth Alexarrra May

Pro Se Plaintiff